UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRUCE THOMAS,

    Plaintiff,

v.                                        CASE NO. 3:23-cv-1243-SJH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

### MEMORANDUM ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application under the Social Security Act ("Act") for Disability Insurance Benefits ("DIB"). In a decision dated November 30, 2022, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability from July 6, 2018, through September 30, 2018.[2] Tr. at 18-31. For the reasons herein, the Commissioner's decision is due to be **affirmed**.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Docs. 14 & 15.

[2] Plaintiff previously filed an application for DIB and was found disabled between August 1, 2012 and July 8, 2016. Tr. at 19. On July 5, 2018, a previous ALJ upheld a decision that Plaintiff was no longer disabled since July 8, 2016, which was upheld by a district court. *Id.* The ALJ in the present action found that the issue of disability between August 1, 2012 and July 5, 2018 was thus foreclosed through the doctrine of res judicata, such that "only the unadjudicated period beginning July 6, 2018, through the claimant's last insured [date] of September 30, 2018" remained for consideration. *Id.* Defendant argues that Plaintiff does not contest this holding and has therefore forfeited any challenge to it. Doc. 28 at 2 n.1. I agree. *See Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1274 & n.12 (11th Cir. 2024); *Chestang v. Comm'r of Soc. Sec.*, No. 8:23-cv-2196-CEH-PDB, 2024 WL 3835648, at *13 (M.D. Fla. July 31, 2024), *report and recommendation adopted*, 2024 WL 3826250 (M.D. Fla. Aug. 15, 2024);

I.  **Issues on Appeal**

Plaintiff argues two issues on appeal, contending that:

> I.  THE COMMISSIONER ERRONEOUSLY RELIED ON THE OPINION OF THE NONTREATING TESTIFYING MEDICAL WITNESS, DR. JILHEWAR, EVEN THOUGH HIS OPINION CONTRADICTED THE OPINIONS OF HIS TREATING GASTROENTEROLOGIST [DR. ETZKORN] AND HIS TREATING PRIMARY CARE PHYSICIAN [DR. PETERKIN] AND THE MEDICAL EVIDENCE OF RECORD.
>
> II.  THE APPEALS COUNCIL ERRED IN FAILING TO REMAND THE MATTER TO THE [ALJ] UPON RECEIPT OF NEW AND MATERIAL EVIDENCE THAT HAD A REASONABLE PROBABILITY OF CHANGING THE OUTCOME OF THE CASE.

Doc. 21 at 1. I find that both arguments lack merit.

II.  **Standard of Review**

Plaintiff appeals the denial of his applications for DIB under Title II of the Act, 42 U.S.C. § 401 *et seq.*[3] Under 42 U.S.C. § 405(g), judicial review "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence

---

*Mercer v. Comm'r of Soc. Sec.*, No. 6:23-cv-1319-DCI, 2024 WL 1597706, at *6 (M.D. Fla. Apr. 12, 2024). Accordingly, the Court's review is limited to the period of July 6–September 30, 2018.

[3] The regulations under Title II are located at 20 CFR pt. 404.

"means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "'more than a mere scintilla'" of evidence, the threshold for this standard "is not high[,]" *id.*, and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it "would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. Nor may a reviewing court "decide the facts anew, make credibility determinations, or re-weigh evidence." *Id.* at 1306 (quotation omitted); *see also Rodriguez v. Soc. Sec. Admin.*, 118 F.4th 1302, 1315 (11th Cir. 2024); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

### III. The ALJ's Decision

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable

impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A).[4] In making a disability determination, the Social Security Administration generally uses a five-step sequential process. 20 C.F.R. § 404.1520(a)(4).[5]

The ALJ applied this five-step sequential process. Tr. at 21-31.[6] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from July 6, 2018, through his date last insured of September 30, 2018. Tr. at 21. The ALJ found at step two that Plaintiff had the following severe impairments: chronic liver disease, chronic kidney disease, diabetes with peripheral neuropathy, obesity, and a major depressive disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. *Id.* The ALJ found that Plaintiff had the following RFC:

---

[4] Because the definitions of disability under Title II and Title XVI of the Act are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

[5] At step one, the person must show the person is not engaged in substantial gainful activity. At step two, the person must show the person has a severe impairment or combination of impairments. At step three, the person may show the impairment or combination of impairments meets or equals the severity of one of the listings in the appendix of the applicable regulations. Absent such a showing, at step four, the person must show the person cannot perform the person's past relevant work given the person's residual functional capacity ("RFC"). Step five, at which the burden temporarily shifts to the Commissioner, asks whether there are a significant number of jobs in the national economy the person can perform given the person's RFC, age, education, and work experience. If it is determined at any step the person is or is not disabled, the analysis ends without proceeding further. *See* 20 C.F.R. § 404.1520(a)(4); *Flowers*, 97 F.4th at 1308; *Jacob v. Comm'r of Soc. Sec.*, No. 8:22-cv-2435-CEH-TGW, 2024 WL 3548902, at *3-4 (M.D. Fla. July 26, 2024).

[6] Title II of the Act "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (quotation omitted). The ALJ found Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2018. Tr. at 21.

4

> **to perform lifting/carrying up to less [than] 10 pounds frequently and up to 10 pounds occasionally; primarily in a seated position with no more than two hours of standing/walking with no more than frequent operation of foot controls; no more than occasional climbing ramps/stairs, balancing, stooping, kneeling, crouching, or crawling; no climbing of ladders, ropes and scaffolds; no driving; no more than occasional exposure to moving mechanical parts, extreme temperatures, humidity, wetness, dust, fumes, odors, gases, poor ventilation; and no exposure to unprotected heights. He was able to understand remember and carry out no more than simple instructions and use judgment to make no more than simple work-related decisions in a routine work setting.**

*Id.* at 23. The ALJ ultimately found at step five[7] that jobs exist in significant numbers in the national economy that he can perform such that he has not been under a disability during the period at issue. *Id.* at 30-31.

## IV.  Analysis

Plaintiff argues on appeal that:

> I. THE COMMISSIONER ERRONEOUSLY RELIED ON THE OPINION OF THE NONTREATING TESTIFYING MEDICAL WITNESS, DR. JILHEWAR, EVEN THOUGH HIS OPINION CONTRADICTED THE OPINIONS OF HIS TREATING GASTROENTEROLOGIST [DR. ETZKORN] AND HIS TREATING PRIMARY CARE PHYSICAN [DR. PETERKIN] AND THE MEDICAL EVIDENCE OF RECORD.
>
> II. THE APPEALS COUNCIL ERRED IN FAILING TO REMAND THE MATTER TO THE [ALJ] UPON RECEIPT OF NEW AND MATERIAL EVIDENCE THAT HAD A REASONABLE PROBABILITY OF CHANGING THE OUTCOME OF THE CASE.

---

[7] Defendant concedes the ALJ effectively or implicitly found at step four that Plaintiff was unable to perform any past relevant work. Doc. 28 at 4 & n.3.

Doc. 21 at 1. I address each argument in turn.

### a. Issue I

Plaintiff first argues on appeal that the ALJ erred by finding persuasive the opinion of a non-treating medical witness, Dr. Jilhewar, in conflict of the opinions of two treating physicians, Dr. Etzkorn and Dr. Peterkin. Doc. 21 at 1. More specifically, Plaintiff argues that "[t]he ALJ erroneously relied on the opinion of Dr. Jilhewar … to conclude that [Plaintiff] did not suffer from hepatic encephalopathy or its symptoms." *Id.* at 11. I disagree; on these facts, the ALJ's decision was supported by substantial evidence.

Preliminarily, to the extent Plaintiff emphasizes the status of Dr. Etzkorn and Dr. Peterkin as treating physicians and suggests their opinions were therefore entitled to greater weight than Dr. Jilhewar as a non-treating physician, *e.g.*, Doc. 21 at 1, 11, 18, that is not so. Though ALJs were previously "instructed to defer to the medical opinions of a social security claimant's treating physicians" and to give such opinions more weight "unless there was good cause not to do so[,]" that rule was eliminated in 2017. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896-97 (11th Cir. 2022). For claims, like this one, filed on or after March 27, 2017, "an administrative law judge must 'not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources.'" *Id.* at 897 (quoting 20 C.F.R. § 404.1520c(a)); *see also Spurgeon v. Soc. Sec. Admin., Comm'r*, No. 22-10999, 2024 WL 1395258, at *1,

6

4-5 (11th Cir. Apr. 2, 2024);[8] *Sunderman v. O'Malley*, No. 8:23-cv-01367-AAS, 2024 WL 3811933, at *5 (M.D. Fla. Aug. 14, 2024).[9] Under the regulations applicable to this case, as to each medical source, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) relationship with the claimant; (iv) specialization; and (v) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2).

To be sure, Plaintiff cites and pays lip-service to the revised regulations. *See* Doc. 21 at 12. But his brief repeatedly discounts Dr. Jilhewar as a "nontreating" physician and bolsters Drs. Etzkorn and Peterkin as "treating" physicians, *e.g.*, Doc. 21 at 1, 11, 18, terms intentionally omitted in and not relevant under the revised regulations, *see Harris*, 2024 WL 3385471, at *5; *Miller*, 2022 WL 909764, at *4; *Whitehurst v. Comm'r*

---

[8] Unpublished opinions are not binding precedent but may be considered to the extent persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

[9] I note that in upholding the new regulations and their abrogation of the prior treating-physician rule, *Harner* relied in part on the *Chevron* doctrine, *see Harner*, 38 F.4th at 896-98, which has since been overruled, *see Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). But *Harner* also held that nothing in the Act specifies how treating-physician evidence is to be weighed or requires the treating-physician rule, which means the new regulations remain good law even with *Chevron* overruled. *See Harner*, 38 F.4th at 897-98; *see also Spurgeon*, 2024 WL 1395258, at *5. The new regulations, and not the prior treating-physician rule, thus continue to apply post-*Loper*. *See, e.g.*, *Harris v. Comm'r of Soc. Sec.*, No. 8:23-cv-1635-DNF, 2024 WL 3385471, at *5 (M.D. Fla. July 12, 2024); *see also Williams v. O'Malley*, No. 23-35358, 2024 WL 3519774, at *1 & n.1 (9th Cir. July 24, 2024). Finally, despite his implicit suggestion to apply the prior rule, Plaintiff expressly cites to the new regulations. *See* Doc. 21 at 12.

*of Soc. Sec.*, No. 5:19-cv-140-Oc-PRL, 2020 WL 13596551, at *3-4 (M.D. Fla. Mar. 3, 2020).

Nor does Plaintiff develop any attempt to *apply* the governing regulations or articulate why, for example, the supportability and consistency factors as to any of these doctors were not adequately discussed by the ALJ. *See* Doc. 21 at 11-19; *see also Droddy v. Comm'r of Soc. Sec.*, No. 6:22-cv-2071-DCI, 2024 WL 470542, at *7 (M.D. Fla. Feb. 7, 2024).[10] Instead, Plaintiff appears to argue that Dr. Jilhewar—a Board Certified specialist in internal medicine and gastroenterology, Tr. at 42—simply did not understand the nature of hepatic encephalopathy, *e.g.*, Doc. 21 at 16-19.[11]

Unable to tether his arguments to the governing regulations, Plaintiff essentially argues that, faced with competing medical evidence, the ALJ followed the wrong side. But that choice is the ALJ's duty, and the Court declines any invitation to reweigh the evidence. *See McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 691 n.1 (11th Cir. 2020) ("ALJs are permitted, and in fact required, to use judgment in weighing competing evidence and reaching a final determination as to whether an applicant is disabled. Here, … the ALJ considered the medical record, assigned 'great weight' to certain medical experts and only 'some weight' to other experts …, and stated his

---

[10] Regardless, even if Plaintiff had tried to undermine the ALJ's supportability and consistency analysis as to Dr. Jilhewar, the ALJ appropriately explained, supported by substantial evidence, the persuasiveness of Dr. Jilhewar. Tr. at 25-26, 28-29. Similarly, substantial evidence supports the ALJ's analysis finding Drs. Peterkin and Etzkorn unpersuasive. *Id.* at 25-29.

[11] By way of example, citing no authority, Plaintiff argues that "Dr. Jilhewar did not realize that for people with 'a long-standing chronic liver disorder,' hepatic encephalopathy is triggered by certain types of events." Doc. 21 at 19.

8

reasons for doing so. This was entirely proper.") (internal citations omitted); *see also Smith v. Soc. Sec. Admin., Comm'r*, No. 22-11407, 2023 WL 6938521, at *7 (11th Cir. Oct. 20, 2023) ("At bottom, [these] arguments invite us to reweigh the evidence and substitute our judgment in place of the ALJ's. We must decline [this] invitation. The relevant inquiry is not whether some evidence might support greater limitations, but whether substantial evidence supports the ALJ's decision. We hold that substantial evidence supports the ALJ's decision.") (internal citations omitted); *Conde v. Comm'r of Soc. Sec.*, No. 2:23-cv-1135-DNF, 2024 WL 4589787, at *7 (M.D. Fla. Oct. 28, 2024) ("[A]n ALJ can reject a physician's opinion when the evidence supports a contrary conclusion. Indeed, while an ALJ may not make medical findings, an ALJ has the responsibility to resolve conflicting medical opinions.") (internal citation omitted); *Koehler v. Comm'r of Soc. Sec.*, No. 2:22-cv-210-JES-KCD, 2022 WL 18672970, at *3 (M.D. Fla. Nov. 10, 2022) ("[Plaintiff] asks the Court to reweigh the evidence, which is something it cannot do. Resolving conflicting medical opinions is for the ALJ. And 'when there is credible evidence on both sides of an issue,' as here, 'it is the ... ALJ, and not the court, who is charged with the duty to weigh the evidence and to determine the case accordingly.'") (internal citations omitted), *report and recommendation adopted*, 2023 WL 1098234 (M.D. Fla. Jan. 30, 2023).

Ultimately, Plaintiff's brief generally recites his view of evidence the ALJ could have weighed differently to reach a different conclusion as to the opinions of Drs. Jilhewar, Peterkin, and Etzkorn. *See* Doc. 21 at 11-19. That is of no moment. It matters

9

not if a reviewing court "would have reached a different result" or "even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *See Flowers*, 97 F.4th at 1309. Nor may a reviewing court "'decide the facts anew, make credibility determinations, or re-weigh evidence.'" *Id.* at 1306 (citation omitted); *see also Rodriguez*, 118 F.4th at 1315; *Martin*, 894 F.2d at 1529. Because the ALJ's decision clears "the low evidentiary bar" of substantial evidence, it is due to be affirmed. *See Flowers*, 97 F.4th at 1309; *see also Cruz v. Comm'r of Soc. Sec.*, No. 2:22-cv-603-KCD, 2023 WL 7487422, at *4 (M.D. Fla. Nov. 13, 2023); *Martin v. Comm'r of Soc. Sec.*, No. 8:22-cv-1435-JSS, 2023 WL 3644419, at * 2, 9 (M.D. Fla. May 25, 2023).

      **b. Issue II**

Plaintiff next argues that the Appeals Council erred in failing to remand this matter to the ALJ upon receipt of "new and material evidence that had a reasonable probability of changing the outcome of the case." Doc. 21 at 19-25. I do not agree.

Generally, claimants may present new evidence at each stage of the administrative process, including before the Appeals Council. *See Sanders v. Soc. Sec. Admin., Comm'r*, 854 F. App'x 311, 315 (11th Cir. 2021). If a claimant presents new and material evidence that is chronologically relevant "after the ALJ's decision, the Appeals Council must consider whether 'there is a <u>reasonable probability</u> that the additional evidence would change the outcome of the decision.'" *Id.* (quoting 20 C.F.R. § 404.970(a)(5)); *see also Bailey v. Soc. Sec. Admin., Comm'r*, No. 22-11531, 2023 WL 4553880, at *1 (11th Cir. July 17, 2023). Where the Appeals Council denies

10

review of an ALJ's decision, "no detailed explanation of its decision or a discussion of the additional evidence" is necessary. *See Sanders*, 854 F. App'x at 316; *see also Bailey*, 2023 WL 4553880, at *1.

Here, the ALJ's decision was based in part on Dr. Jilhewar's testimony at the hearing on November 4, 2022. Tr. at 25-26, 28-29, 42-56. Thereafter, on December 22, 2022, Dr. Etzkorn issued a report directly responding to summaries by the ALJ of Dr. Jilhewar's statements from the hearing. Tr. at 1801-1805. For example, Dr. Etzkorn stated the following:

> [H]aving been followed at my practice for now for over 6 years, [Plaintiff is] clearly incapable of sustained mental acuity secondary to low-grade encephalopathy which has been well managed with lactulose which he failed but currently on Xifaxan and doing much better he recently started having unexplained falls and I had requested a CT scan which was denied and instead was referred to Neurology which is pending, the patient is attempting to get disability for his encephalopathy and this has been declined reportedly by the administration board and I do not understand why especially since they are not treating him and I am [sic], clearly over the years it is quite evident that this gentleman could not hold up a job requir[ing] any kind of sustained mental focus reviewing a recent finding by a[n] outside medical expert I disagree with his above assessment and would welcome this physician to clearly meet the patient and follow up his care in a chronic manner and then he and I can have a discussion about the merits of whether he has encephalopathy. To date I have not mention[ed] mini mental status exams but for documentation purposes I will note that today as in the past when asked simple and complicated questions he has difficulty answering them.

Tr. at 1804. The Appeals Council reviewed the evidence submitted but determined there was no reasonable probability it would change the outcome. Tr. at 2.

Even if and to the extent Dr. Etzkorn's statement is considered new and chronologically relevant evidence, Plaintiff has not shown error in the Appeals

11

Council's denying review, as there is no reasonable probability of a changed outcome. *See* 20 C.F.R. § 404.970(a)(5).

Preliminarily, to the extent Dr. Etzkorn stated Plaintiff could not hold a job and was improperly determined not to be disabled, such are reserved to the Commissioner, 20 C.F.R. § 404.1520b(c)(3)(i), and inherently neither valuable nor persuasive, *id.*, § 404.1520b(c); *see also Lupardus v. Comm'r of Soc. Sec.*, 705 F. App'x 942, 948 (11th Cir. 2017) (finding Appeals Council did not err by denying request for review based on new evidence concerning statement on finding reserved for the Commissioner); *Harris v. Astrue*, No. 8:10-cv-1768-T-TGW, 2011 WL 5358707, at *7 (M.D. Fla. Nov. 3, 2011) (same). As to the other statements by Dr. Etzkorn, the requisite reasonable probability of a changed outcome does not exist if, among other circumstances, the proffered new evidence is (i) cumulative, *see Sanders*, 854 F. App'x at 315; and/or (ii) not supported by and/or consistent with the medical evidence, *see Bailey*, 2023 WL 4553880, at *3. Both such justifications for denying review exist in this case.

Here, as discussed above, the ALJ had already considered and appropriately analyzed the competing opinions of Drs. Jilhewar, Etzkorn, and Peterkin. E.g., Tr. at 25-29. For example, the ALJ had already considered a prior letter by Dr. Etzkorn stating his view that Plaintiff had hepatic encephalopathy during the period at issue, as well as statements from Dr. Peterkin that Plaintiff was having issues with confusion, memory, concentration, and overall mental acuity. *Id.* at 25-26, 29, 1672, 1674, 1721. Additionally, the ALJ had previously considered the medications prescribed to

12

Plaintiff. *Id.* at 25. Dr. Etzkorn also acknowledges in the new report that he had failed to conduct any "mini mental status exams[,]" *Id.* at 1804, on Plaintiff throughout the time he was Plaintiff's doctor, which supports Dr. Jilhewar's findings (credited by the ALJ) that there was no record clinical evidence during the period at issue to support that Plaintiff had hepatic encephalopathy. Tr. at 25, 51, 53. For these reasons as well as those discussed above, the proffered new evidence, to the extent not reserved to the Commissioner, does not give rise to a reasonable probability of a changed outcome. To the contrary, the new evidence was cumulative. *See Sanders*, 854 F. App'x at 315 (11th Cir. 2021) ("Because these records were cumulative of evidence already considered by the ALJ, substantial evidence supports the Appeals Council's determination that no 'reasonable probability' existed that the additional evidence would change the outcome."); *see also Castrenze v. Comm'r of Soc. Sec.*, No. 8:23-cv-1246-VMC-PDB, 2024 WL 3851112, at *13 (M.D. Fla. Aug. 1, 2024); *report and recommendation adopted*, 2024 WL 3849871 (M.D. Fla. Aug. 16, 2024); *Gonzalez v. Comm'r of Soc. Sec.*, No. 8:23-cv-106-JSS, 2024 WL 489494, at *10 (M.D. Fla. Feb. 8, 2024). It was also not supported by and consistent with the other medical evidence and opinions found persuasive by the ALJ. *See* Tr. at 25-29; *see also Bailey*, 2023 WL 4553880, at *3; *Hernandez v. Comm'r of Soc. Sec.*, No. 6:22-cv-2313-RBD-PDB, 2023 WL 9064945, at *9 (M.D. Fla. Dec. 12, 2023), *report and recommendation adopted*, 2024 WL 37737 (M.D. Fla. Jan. 2, 2024).

### V. Conclusion

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **affirmed**.

2. The Clerk of Court is **directed** to enter judgment accordingly, terminate any motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on November 13, 2024.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record